Parker C. J.
The legality of the tax for which the ° J plaintiff’s property was taken by distress, depends upon the question, whether he was a settled minister in the town of Granby at the time when the assessment was made. That he was regularly invested with the ministerial character by his ordination in Connecticut in 1789, and his subsequent installation over the town of Granby in 1797, having been regularly dismissed from the former and regularly inducted into the latter ministerial charge, according to the usages of the New England churches, cannot be denied. And that he was a settled minister in Granby until the year 1821, is equally clear; so that the question seems to be narrowed to this, whether the proceedings which took place in that year, in relation to the parochial concerns of that town, deprive him of the rights and privileges and the character of a settled minister.
A division of the parish took place by reason of the withdrawing of a number of its members, according to the provision'of St. 1811, c. 6, and a new society was formed, and by virtue of that statute the members who associated themselves into a new society by the name of the West Religious Society in Granby, became exempt from taxation for parochial purposes in the town, and had a right to settle and contract with a minister who should likewise be exempt from taxation, notwithstanding the society was not incorporated.
The fourth section of that statute enacts, 66 that all ministers ordained agreeably to the usages of the sect or denomination to which they severally belong, whether over corporate *436 or nnincorporate society or societies, within this commonwealth, shall have the same exemptions from taxation, as are given to stated ordained ministers of the gospel, in the town, district, parish or plantation where they are settled, subject however to the same restrictions and penalties.”
The plaintiff had been ordained in the manner usual with congregational societies, and he was a stated minister, or settled in the town of Granby. On the dissolution of his civil contract with the town, he retained his ministerial character, and having entered into a contract with the new society in the same town, and having by mutual compact acted as minister over that society and as pastor of a church formed within the same, we do not see why he does not remain a settled minister within the words of the statute.
The objection is, that there has been no public act of installation over this new society, but we do not see that this is necessary in a civil sense, to constitute him a settled minister. He had been once installed over the same people, making part of a body politic or corporation. He has now, by consent of all parties, become the minister of a portion of that people within the same town, and the church of which he is pastor is the same church over which he was installed in 1797. No act of notoriety seems to be necessary to make him the minister of this society and the pastor of this church. By the word settled in the tax act or in the statute of 1811, nothing more is intended than a certain fixed connexion between the minister and the society, in contradistinction to those occasional connexions which furnish no proof even of habitancy in the towns or parishes where they exist.
The exemption contended for by the plaintiff is enacted by St. 1821, c. 107, § 6. The words are, “ That the president, professors, &c., of Harvard and Williams Colleges, &c., also ministers of the gospel, preceptors of academies estaclished by law, and Latin grammar school masters, shall not be assessed for their polls and estates under their personal management and improvement, in the towns, districts, or parishes, where they are, settled.,}[1]
*437 The plaintiff being a minister of the gospel, and being settled as such within the town of Granby, though not over that town, is by virtue of this statute and the statute of 1811, exempt, and therefore is entitled to judgment on the verdict.

 The persons relieved by this act from taxation are now made taxable by St. 1828, c. 143, § 2.